**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 08-cv-00844-REB

JOEY M. LYNCH,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY DECISION**
**AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed April 23, 2008, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of rheumatoid arthritis and degenerative disc disease. After his application for supplemental security income benefits was denied initially, plaintiff requested a hearing before an administrative law judge. A hearing was held on April 16, 2007. At the time of this hearing, plaintiff was 47 years old. He has a high school equivalency diploma and past work experience as a

plumber, house painter, and construction laborer.  Plaintiff had not engaged in substantial gainful activity since May 24, 2005, the date of his application for benefits.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to supplemental security income benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  He determined that plaintiff had the residual functional capacity for sedentary work with postural limitations.  Although this finding precluded plaintiff's past relevant work, the ALJ found that there were jobs existing in significant numbers in the national economy that he could perform.  The ALJ, therefore, found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that

the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff claims that the ALJ erred by posing an inexact and incomplete hypothetical to the vocational expert at the hearing. I agree, and, therefore, remand.

At the hearing, the ALJ posed the following hypothetical to the vocational expert:

4

> [P]lease assume this individual would be limited to sitting six
> hours, standing/walking two hours each in a normal job with
> normal breaks allowed in the economy; lifting and/or carrying
> a maximum of 10 pounds occasionally; who could
> occasionally climb ramps or stairs; never climb ladders,
> ropes or scaffolds; never crawl and could never work around
> moving dangerous machinery or unprotected heights.

(Tr. 283.)  This hypothetical was based on the residual functional capacity assessment prepared by Dr. Karl Chambers, who reviewed the medical records on behalf of the agency.  (*See* Tr. 125-133.)  As the ALJ expressly noted, however, Dr. Chambers "also opined the claimant was precluded from frequent reaching overhead, frequent handling, and frequent fingering . . ."  (Tr. 14.)  These latter limitations clearly were not incorporated into the hypothetical posed to the vocational expert, nor were they part of the ALJ's ultimate determination of plaintiff's residual functional capacity.

This omission constitutes reversible error.  Although the ALJ is not bound by the opinions of the state agency physicians, he may not ignore such opinions, but must explain the weight afforded them.  **Social Security Ruling 96-6p**, 1996 WL 374180 at *2 (SSA July 2, 1996).  Nor may he, without adequate explanation, "cherry-pick" the record, accepting evidence that supports his disability decision while ignoring evidence to the contrary.  *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004).  More specifically,"[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  **Social Security Ruling 96-8p**, 1996 WL 374184 at *7 (SSA July 2, 1996).

Here, the ALJ gave no explanation whatsoever for accepting some but not all of the limitations found by Dr. Chambers to be supported by the medical evidence.  The Commissioner cannot salvage the decision by postulating about what may have been in the ALJ's mind in so doing; his decision must stand or fall on its own merits.  ***See Grogan v. Barnhart***, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").  Nor was the error harmless, since the type of work plaintiff was found capable of performing typically "require[s] good use of both hands and the fingers; i.e., bilateral manual dexterity" and "[a]ny *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base."  **Social Security Ruling 96-9p**, 1996 WL 374185 at *8 (SSA July 2, 1996) (emphasis in original).  Such erosion in the occupational base well may have altered the vocational expert's opinion.  (***See*** Tr. 284) (questioning of vocational expert by plaintiff's attorney suggesting, although crucial portions are denoted "inaudible," that limitations on the use of reaching, fingering, and handling would eliminate jobs previously identified as available).

Accordingly, this case must be remanded.[1]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

---

[1] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

2. That this case is **REMANDED** to the ALJ, who is directed to

    a.    Reevaulate plaintiff's residual functional capacity consistent with this opinion or explain why the limitations imposed by Dr. Chambers on plaintiff's functional capacity for reaching overhead, fingering, and handling are not supported by the medical evidence of record;

    b.    Recontact any treating, examining, or reviewing sources for further clarification of their findings, seek the testimony of additional medical or vocational experts, order additional consultative or other examinations, or otherwise further develop the record as he deems necessary;

    c.    Reevaluate his step-five determination; and

    d.    Reassess the disability determination.

Dated July 15, 2009, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackbum
United States District Judge